USDC SCAN INDEX SHEET










```
SWD     12/8/05    14:37
3:05-CV-02233    JOHNSON V. SAN DIEGO COUNTY
*1*
*CMP.*
```

MICHAEL R. MARRINAN (SBN 90484)
Attorney at Law
Law Offices of Michael R. Marrinan
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (6190 515-0505

Attorney for Plaintiffs

FILED
05 DEC -8 PM 12:24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRED JOHNSON and
ELIJAH JOHNSON,
minors, by and through their
mother and guardian ad litem,
DeJoyce Milhouse,

    Plaintiffs,

vs.

COUNTY OF SAN DIEGO,
LISA JENKINS,
MAUREEN PERKINS,
MATT STEVENS,
J. SMITH, and DOES 1-20,

    Defendants.

Case No. 05CV 2233 H  WMc

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. 42 U.S.C. § 1983--Civil Rights Violations
2. 42 U.S.C. § 1983–Unlawful Policies, Customs or Habits
3. Negligence
4. Battery
5. False Arrest
6. Civil Code § 52.1 Civil Rights Violations

Plaintiffs allege:

### JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal injuries and violation of Plaintiffs' constitutional rights by defendant County of San Diego and its sheriff's deputies, Lisa Jenkins, Maureen Perkins, Matt Stevens, J. Smith and DOES 1-10. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of negligence, battery, false arrest and Civil Code section 52.1 civil rights

ORIGINAL

1

violations are alleged as well. Plaintiffs invoke the Court's supplemental jurisdiction to consider these state law claims.

## GENERAL ALLEGATIONS

2. Plaintiffs were and at all material times mentioned herein residents of the County of San Diego, State of California.

3. At all times mentioned herein defendants Jenkins, Perkins, Stevens, Smith and DOES 1 through 10 were employees of defendant County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendants named above and DOES 1 through 10 are sued individually and in their capacities as employees of the County of San Diego.

4. Defendant County of San Diego is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who therefore sue said defendants by said fictitious names. Plaintiffs will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

7. On or about August 3, 2005 Plaintiffs filed claims with the County of San Diego for the injuries alleged herein. On or about September 19, 2005, the claims were denied.

## FACTUAL ALLEGATIONS

8. On February 25, 2005 shortly after 10:00 p.m., Plaintiffs Elijah Johnson (age 14) and Fred Johnson (age 15) were outside a movie theater in Vista with numerous other young people who had just attended a movie. Plaintiffs are African-American. Neither Plaintiffs nor anyone else outside the theater at the time was involved in any type of criminal activity.

9. The group was approached by two sheriff's deputies, defendants Perkins and Jenkins. Plaintiff Elijah Johnson was singled out by the deputies and ordered to come with them and sit on a nearby planter, apparently because Elijah said something the deputies didn't like. He complied. Despite the fact that Elijah had committed no crime and there was no reason to believe he had, Elijah was handcuffed, unlawfully searched and taken to the nearby sheriff's substation where he was unlawfully detained and/or unlawfully arrested.

10. Several minutes later defendant Smith and another deputy contacted Plaintiff Fred Johnson. Fred Johnson was ordered to accompany the deputies to the substation where his brother was being held. He complied. Fred Johnson was told to sit in a chair. He complied. Elijah Johnson was sitting in another chair in the small room, handcuffed behind his back.

11. Several minutes later words were exchanged between Fred Johnson and Deputy Perkins. During this time Fred Johnson remained seated in his chair had not committed any crime. Nonetheless, defendants grabbed Fred Johnson and arrested him. Mr. Johnson was yanked out of his chair and forced to the ground. He was hit, kicked, stomped and beaten by deputies. He was then hog-tied and taken off to juvenile hall.

12. Mr. Johnson had committed no crime, nor was there probable cause to believe he had. He was unlawfully arrested and charged in juvenile court with several false

3

criminal charges resulting from this incident, based upon false police reports by the defendant deputies.

13. Mr. Johnson went to trial in juvenile court before the Honorable Kenneth So, Judge of the Superior Court. When the prosecution rested, he was acquitted of all charges relating to this incident.

14. Plaintiff Fred Johnson suffered injuries to his head, arms, wrists, torso and legs from being arrested, beaten and hog-tied by the deputies. Both Plaintiffs suffered severe emotional distress from their unlawful seizures and the use of excessive force by the deputies. Each of the defendant deputies had the opportunity and obligation to intervene in the unlawful seizures and excessive force used by other deputies, but failed to do so.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations--
Unlawful Search and Seizure and Excessive Force]

15. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 14 above as though fully set forth herein.

16. As a result of the acts alleged above, particularly the unlawful detentions, unlawful arrest and unlawful seizures of both Plaintiffs as described above, Plaintiffs were unlawfully seized by Defendants without a warrant, probable cause or reasonable suspicion. Thus, Plaintiffs suffered unlawful seizures in violation of their constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

17. As a further result of the acts alleged above, defendants used unreasonable, unjustified and excessive force upon Plaintiff Fred Johnson. This unreasonable and excessive use of force constituted an unlawful seizure, in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff Fred Johnson is entitled to damages pursuant to Title

42 U.S.C. § 1983 in an amount to be proven at trial.

18. As a further result of the acts alleged above, particularly the acts of filing false and/or inaccurate police reports which caused Plaintiff Fred Johnson to be falsely charged with criminal violations, Plaintiff Fred Johnson suffered a unlawful and/or malicious prosecution in violation of his right against unreasonable seizures as guaranteed by the Fourth Amendment to the U.S. Constitution. As a result, Plaintiff Fred Johnson is entitled to damages pursuant to Title 42 U.S.C. section 1983, et seq. in an amount to be proven at trial.

19. In committing and witnessing the acts alleged above, defendants and each of them failed to prevent, stop and/or intervene in these unprovoked and unjustified acts of unlawful detention/arrest, excessive force and/or malicious prosecution against Plaintiff(s), and failed to protect Plaintiffs from these constitutional violations by other deputies, thereby violating Plaintiffs' Fourth Amendment rights.

20. As a proximate result of the acts alleged above, Plaintiffs were injured in mind and body. Plaintiff Fred Johnson suffered injuries to his head, arms, wrists, torso and legs from being arrested, beaten and hog-tied by the deputies. Both Plaintiffs suffered severe emotional distress from their unlawful seizures and the use of excessive force by the deputies. Plaintiff Fred Johnson suffered additional emotional distress from his wrongful incarceration and his false/malicious prosecution. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

21. In committing the acts alleged above, Defendants Jenkins, Perkins, Stevens, Smith and DOES 1-10 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

///
///
///

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

22. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 21 above as though fully set forth herein.

23 On information and belief Plaintiff alleges that defendant COUNTY OF SAN DIEGO, through its sheriff's department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. Plaintiffs are further informed and believe that other citizens have been treated unlawfully and abused by sheriff's deputies, but the County, through its sheriff's department has a custom, policy or practice of failing to properly investigate citizen complaints and failing to take corrective or disciplinary action against deputies who act improperly, thus leading to the constitutional violations against Plaintiffs as described above. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

24. Further, on information and belief Plaintiffs allege that defendant County of San Diego, through its sheriff's department, has an unlawful policy, custom or habit of permitting or condoning unlawful seizures and the unnecessary and unjustified use of force by sheriff's deputies, including the individual defendants herein, and of permitting, condoning and failing to take action against deputies who commit acts of excessive force or unlawful search and seizure. Defendant County has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers, including the deputies involved in this incident.

25. Further, Plaintiffs allege that defendant County of San Diego and its sheriff's department have an unlawful custom, policy, practice or habit of refusing to investigate citizen complaints against their sheriff's deputies (including defendants herein) of excessive force, false arrest, unlawful search and seizure and other improprieties. This

unlawful policy, custom and habit includes a department-wide policy and practice of failing to accept citizen complaints, discouraging citizen's from filing complaints, refusing to investigate citizen complaints and whitewashing complaints that are filed against sheriff's deputies.

26. Specifically, as they have with other citizen-complainants, the sheriff's department's internal affairs division refused to investigate the internal affairs complaint of Plaintiffs' herein (filed through their mother and guardian ad litem). Indeed, internal affairs refused to investigate Plaintiffs' complaint based solely upon the police reports of the very deputies that abused Plaintiffs who were the subject of Plaintiffs' complaint and whose version of this incident Plaintiffs' vigorously disputed. In short, internal affairs reached a conclusion that these deputies acted properly without an investigation, without interviewing Plaintiffs, without interviewing several civilian witnesses and despite the fact that a Superior Court judge dismissed Plaintiff Fred Johnson's criminal case as a result of his finding that Plaintiffs were unlawfully seized by these deputies, in violation of their Fourth Amendment rights.

27. These policies and failures constituted additional ratification of and acquiescence in acts of excessive force, false arrest, unlawful search and seizure and other improprieties by sheriff's deputies, which thereby encourage deputies to continue to use excessive force and commit additional improprieties, then get away with it by writing false reports which lead internal affairs to refuse to investigate the victim's legitimate complaint. These policies and failures were the moving force behind the injuries suffered by Plaintiffs, constituted ratification by the County and its sheriff's department and also constituted deliberate indifference to the rights and safety of Plaintiffs and other members of the public.

28. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations, injuries and damages alleged in the First Cause of Action and thus are entitled to general and compensatory damages against defendant County of San Diego in an amount to be proven at trial.

7

## STATE LAW CLAIMS

The following claims are brought under California law on behalf of both Plaintiffs.

## THIRD CAUSE OF ACTION

[Negligence]

29. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. By the acts alleged above, Defendants and other County of San Diego sheriff's deputies were negligent and breached their duty of due care owed to Plaintiffs, thereby causing the injuries and severe emotional distress as described in the Factual Allegations and the First Cause of Action, particularly paragraphs 14 and 20 above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

31. Further, each Plaintiff is entitled to recover for the emotional distress he suffered as a result of observing the unlawful acts perpetrated against his brother. Plaintiffs are therefore entitled to recover general and compensatory damages for this emotional distress in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

[Battery]

32. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. By the acts alleged herein, particularly the acts of excessive force and violence committed against Plaintiff Fred Johnson and the handcuffing of Elijah Johnson as described in the Factual Allegations and the First Cause of Action, Plaintiffs were the victims of a battery, entitling them to damages pursuant to California law.

34. As a result of these acts, Plaintiffs suffered the injuries and damages described in the Factual Allegations and paragraph 14 and 20 above and severe pain, suffering and emotional distress, entitling them to damages in an amount to be proven at trial.

8

35. In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

[False Arrest/False Imprisonment]

36. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth herein.

37. By the acts alleged herein, particularly the act of unlawfully detaining, falsely arresting and/or falsely imprisoning Plaintiffs without a warrant or probable cause, Plaintiffs were falsely arrested and/or falsely imprisoned, entitling them to damages pursuant to California law.

38. As a result of these acts, Plaintiffs suffered the injuries and damages described in the Factual Allegations and paragraphs 14 and 20 above and severe pain, suffering and/or emotional distress, entitling them to damages in an amount to be proven at trial.

39. In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violations]

40. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. The acts alleged above, particularly the acts of unjustified physical violence and unreasonable search and seizure, constituted an unlawful seizure, in violation of Plaintiffs' rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, specifically the Fourth Amendment thereto. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to

9

1  damages pursuant to California Civil Code section 52.1(b).

2  42. As a result of these acts, Plaintiffs suffered the injuries and damages described in the Factual Allegations and paragraphs 14 and 20 above and severe pain, suffering and emotional distress, entitling them to damages in an amount to be proven at trial.

43. In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants except defendant County of San Diego, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: 12/8/05

MICHAEL R. MARRINAN
Attorney for Plaintiffs

Plaintiffs hereby demand a jury trial in this action.

Dated: 12/8/05

MICHAEL R. MARRINAN
Attorney for Plaintiffs

10

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I. (a) PLAINTIFFS FRED JOHNSON and ELIJAH JOHNSON, minors, by and through their mother and guardian ad litem, Dejoyce Milhouse.

DEFENDANTS COUNTY OF SAN DIEGO, LISA JENKINS, MAUREEN PERKINS, MATT STEVENS, J. SMITH, and DOES 1-20.

FILED
05 DEC -8 PM 12: 26
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan, Esq.
614 Fifth Ave., Ste. D
San Diego, CA 92101   619-238-6900

Attorneys (If Known)

'05 CV 2233 H WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983 action alleging false arrest and excessive force in violation of Fourth Amendment Rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Damages according to proof
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 12/7/05
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

FOR OFFICE USE ONLY
#119373   250 - MS
RECEIPT #_____