# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED JOHNSON and ELIJAH JOHNSON, minors, by and through their mother and guardian ad litem DeJoyce Milhouse, <br><br> Plaintiffs, <br><br> vs. <br><br> SAN DIEGO COUNTY, MAUREEN PERKINS, MATT STEVENS, J. SMITH, and DOES 1-20, <br><br> Defendants. | CASE NO. 05-CV-02233-H (WMC) <br><br> ORDER RE JUDGMENT HEARING |

On June 29, 2007, a jury in the above-captioned suit found in favor of plaintiffs Fred and Elijah Johnson ("Plaintiffs") on their claims pursuant to 42 U.S.C. § 1983 for unlawful detention, unlawful arrest, and excessive force in violation of the Fourth Amendment, and on their state claims for false arrest, negligence, and violation of § 52.1 of California's Civil Code. The jury found in favor of defendants Lisa Jenkins and Maureen Perkins ("Defendants") on Plaintiffs' claim for battery.

On August 24, 2007, the Court held a hearing regarding the judgment in the above-captioned case. Attorney Michael R. Marrinan appeared for Plaintiffs and San Diego County Counsel Ricky Sanchez appeared telephonically for Defendants. The parties disagree regarding whether plaintiff Fred Johnson's jury award should be

reduced by 25% based on the jury's finding that 25% of Fred Johnson's injuries was due to his own negligence and 75% was due to Defendants' negligence.

An intentional tortfeasor's liability is not subject to apportionment where the plaintiff's injuries resulted in part from the plaintiff's contributory negligence.  See Thomas v. Duggins Const. Co., Inc., 139 Cal. App. 4th 1105, 1112 (2006) (citing Heiner v. Kmart Corp., 84 Cal. App. 4th 335, 348-50 (2000)); see also Quezada v. County of Bernalillo, 944 F.2d 710, 721 (10th Cir. 1991) (comparative negligence does not apply to damages for federal constitutional rights violations pursuant to § 1983), overruled on other grounds by Saucier v. Katz, 533 U.S. 194 (2001); Clappier v. Flynn, 605 F.2d 519, 530 (10th Cir. 1979) (same).  Therefore, the Court concludes that plaintiff Fred Johnson's judgment on his § 1983 claims and his state claims for false arrest and violation of § 52.1 of California's Civil Code should not be reduced based on Fred Johnson's contributory negligence, although his judgment based on his claim for negligence should be reduced by 25%.  A judgment consistent with the Court's conclusion shall be filed separately.

The Court orders Plaintiff to file any request for costs with the Clerk of Court pursuant to Civil Local Rule 54.1.  Any request for attorneys' fees, however, should be filed with the Court.  The parties should attempt to settle any dispute regarding attorneys' fees with Magistrate Judge McCurine before filing any motions for attorneys' fees with the Court.

IT IS SO ORDERED.

Dated: August 24, 2007

MARILYN L. HUFF
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.